UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 17-6166 PSG (FFMx) | Date | October 26, 2017 |
|---|---|---|---|
| Title | Tinamarie Fatiah Al-Najjar v. Kindred Healthcare Operating, Inc. et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's motion for order remanding case to state court

Before the Court is a motion for order remanding case to state court filed by Plaintiff Tinamarie Fatiah Al-Najjar ("Plaintiff"). *See* Dkt. # 10 ("*Mot.*"). Defendant Kindred Healthcare Operating, Inc. ("Defendant") opposes the motion, *see* Dkt. # 16 ("*Opp.*"), and Plaintiff timely filed a reply, *see* Dkt. # 17 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **DENIES** Plaintiff's motion.

I. Background

On June 23, 2017, Plaintiff, on behalf of herself and others similarly situated, filed a putative wage and hour class action complaint in Los Angeles County Superior Court. *See Mot.* 7:4–6; *Defendant's Notice of Removal* ("*NOR*"), Dkt. # 1, Ex. B (Complaint ("*Compl.*")). In the complaint, Plaintiff asserts the following causes of action against Defendant: (1) failure to pay overtime wages, *see Compl.* ¶¶ 29–33; (2) failure to pay minimum wages, *see id.* ¶¶ 34–38; (3) failure to provide meal periods, *see id.* ¶¶ 39–45; (4) failure to provide rest periods, *see id.* ¶¶ 46–52; (5) failure to pay all wages upon termination, *see id.* ¶¶ 53–62; (6) failure to provide accurate wage statements, *see id.* ¶¶ 63–71; and (7) unfair competition, *see id.* ¶¶ 72–76. In addition to statutory penalties, Plaintiff seeks to recover unpaid and premium wages, including overtime wages, resulting from Defendant's alleged practices of unevenly rounding the time worked by its employees and failing to provide meal and rest periods as required by law. *See Mot.* 7:12–20.

On August 18, 2017, Defendant filed its notice of removal to this Court. The removal was premised on jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See NOR* ¶ 1; *see also* 28 U.S.C. § 1332(d). To satisfy CAFA's jurisdictional requirements, Defendant asserted that the proposed class contains at least 100 members, *see NOR* ¶¶ 13–14;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6166 PSG (FFMx) | Date | October 26, 2017 |
|---|---|---|---|
| Title | Tinamarie Fatiah Al-Najjar v. Kindred Healthcare Operating, Inc. et al. | | |

that, because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Kentucky, minimal diversity exists, *see id.* ¶¶ 16–21; and that the amount in controversy exceeds $5 million, *see id.* ¶¶ 22–34. As to the amount in controversy, Defendant noted that Plaintiff "does not allege the amount in controversy in the complaint," *id.* ¶ 25, but reasoned that, based on a putative class of 1,389 employees working over the course of 113,113 disputed workweeks, "the amount in controversy . . . for the meal period and rest break claims alone" would total $5,953,980. *Id.* ¶ 29. Defendant further calculated that, assuming each of the "1,566 putative class members at issue for Plaintiff's overtime claims" worked one hour of overtime per week for the "146,241 work weeks in the alleged class period," the overtime pay would result in "an additional $5,798,995 in controversy." *Id.* ¶ 30. Similar analyses were performed for the waiting time penalty claims and inaccurate wage statement claims, yielding estimated amounts in controversy of $3,986,748 and $2,068,200, respectively. *See id.* ¶¶ 31–32. Based on these calculations and the potential attorneys' fees and costs to which Plaintiff might be entitled, Defendant concluded that "the aggregate value of Plaintiff's class causes of action . . . is well in excess of the CAFA jurisdictional requirement of $5 million." *Id.* ¶ 34.

Plaintiff now challenges this removal and "seeks to remand this action back to state court where it rightly belongs." *Mot.* 7:25–26. Her motion "is based on the fact that Defendant failed to provide competent proof demonstrating that the amount in controversy exceeds the jurisdictional amount[] of $5,000,000." *Id.* 4:28–5:2.

II.     Legal Standard

CAFA provides federal jurisdiction over class actions in which (1) the amount in controversy exceeds $5 million, (2) there is minimal diversity between the parties, and (3) the number of proposed class members is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Under CAFA, a defendant removing a case must file a notice of removal containing a "short and plain statement of the grounds for removal." *Dart Cherokee*, 135 S. Ct. 547 at 553. Additionally, the Supreme Court clarified that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless the defendant's assertion is contested by the plaintiff. *Id.* at 554. Where, as here, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6166 PSG (FFMx) | Date | October 26, 2017 |
|---|---|---|---|
| Title | Tinamarie Fatiah Al-Najjar v. Kindred Healthcare Operating, Inc. et al. | | |

defendant's asserted amount in controversy is contested, "[e]vidence establishing the amount is required." *Id.* "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 550. Ultimately, the defendant bears the burden of proving that the amount in controversy is met. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).

III.   Discussion

Although Plaintiff briefly (and unconvincingly) argues that Defendant "failed to make an affirmative[] showing of diversity of citizenship," *Mot.* 11 n.1, her primary argument is that Defendant failed to provide sufficient evidence to establish the $5 million amount in controversy requirement. *See generally id.*

As discussed in Part I above, Defendant provided various damages calculations in its notice of removal based on Plaintiff's causes of action, concluding that the aggregate value of these claims "is well in excess of the CAFA jurisdictional requirement of $5 million." *NOR* ¶ 34. Defendant has now supplied additional evidence along with its opposition in the form of declarations of its Vice President and Corporate Counsel, Jeremy Ballard, *see Declaration of Jeremy Ballard*, Dkt. # 16-1 ("*Ballard Decl.*"), and its Director Payroll Projects, Eric VanRude, *see Declaration of Eric VanRude*, Dkt. # 16-2 ("*VanRude Decl.*"). VanRude's declaration includes general statistics gleaned from Defendant's records, including the number of hourly, non-exempt employees involved in this putative class action, their total number of workweeks, and their average hourly rates. *See id.* ¶¶ 6–12.[1]

The Court will consider Defendant's calculations to determine if the $5 million amount in controversy requirement is satisfied.

   A.   Overtime Wage Claim

California law requires that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh

---

[1] Certain statistics in VanRude's declaration differ from the figures provided by Defendant in its notice of removal. In opposition to this motion, Defendant explains that, in its notice, it inadvertently miscalculated the number of relevant employees (and hence the total number of workweeks) and erroneously used an average hourly rate rather than an average weighted hourly rate. *See Opp.* 11 n.4–5. "To be conservative and ensure accuracy," Defendant now uses revised figures in its estimates, but maintains that "the numbers do not change that [it] is well-above the threshold $5 million." *Id.* 11 n.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6166 PSG (FFMx) | Date | October 26, 2017 |
|---|---|---|---|
| Title | Tinamarie Fatiah Al-Najjar v. Kindred Healthcare Operating, Inc. et al. | | |

day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510(a). In her complaint, Plaintiff alleges that "[a]t all times herein mentioned, Plaintiff and Non-Exempt Employee Class worked for Defendant[] during shifts that consisted of more than eight hours in a work day and/or forty hours in a work week and were not paid overtime wages for all hours worked as a result of, including but not limited to, Defendant[] improperly rounding time worked by its employees." *Compl.* ¶ 31. Earlier, Plaintiff also alleges that "[f]or at least four (4) years prior to the filing of this action and through to the present Defendant[ has] had a consistent policy of failing to pay wages, including overtime wages, to Plaintiff and other non-exempt employees in the State of California . . . as a result of . . . unevenly rounding time worked." *Id.* ¶ 2.

Defendant estimates that it employed 1,498 hourly, non-exempt employees at the three entities for which Plaintiff worked during the relevant four-year period. *See VanRude Decl.* ¶ 6. This equates to approximately 133,619 workweeks during this time. *See id.* At a weighted average hourly rate for these employees of $25.3611, *see id.*, this would result in a total value of $5,083,084 for this claim assuming an average violation of one hour per workweek. *See Opp.* 10:19–11:4.[2]

The Court, however, must question this arithmetic due to an unresolved issue—whether this estimated one-hour-per-workweek violation is for work for which *no* wages were paid (as a result, perhaps, of Defendant unevenly rounding time worked) or work for which only *regular* wages were paid. In his declaration, VanRude asserts that "[i]n order to determine the total potential damages if each employee were entitled to one hour of overtime per week . . . one would multiply the actual total number of workweeks by 1.5 and then by the weighted average hourly rate for this period of time." *VanRude Decl.* ¶ 7. This would be the correct procedure if Plaintiff and the other class members had not been paid *at all* for the extra hour of work, but the

---

[2] Plaintiff disputes Defendant's estimated violation of one hour of overtime per week per employee, arguing that "no evidence is proffered by Defendant to suggest that assumption of 1 hour of unpaid overtime wages is grounded in reality." *Reply* 8:1–2. However, other courts have accepted a one-violation-per-week rate as a basis for calculating the amount in controversy where, as here, the plaintiff alleges a routine practice of unlawful conduct. *See, e.g.*, *Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("Where, as here, a proposed class includes all employees during the class period, and the plaintiff pleads that an employer has a regular or consistent practice of violating employment laws that harmed each class member, such an allegation supports a defendant's assumptions that every employee experienced at least one violation once per week."); *Quintana v. Claire's Stores, Inc.*, No. 13-0368-PSG, 2013 WL 1736671, at *5 (N.D. Cal. Apr. 22, 2013) (pleading that defendants "systematically" failed to pay overtime supported assumption that each putative class member was entitled to one hour of overtime per week for each week they worked).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6166 PSG (FFMx) | Date | October 26, 2017 |
|---|---|---|---|
| Title | Tinamarie Fatiah Al-Najjar v. Kindred Healthcare Operating, Inc. et al. | | |

complaint claims that they "were not paid *overtime wages* for all hours worked," *Compl.* ¶ 31 (emphasis added), not that they were not paid *any wages* for these overtime hours. Accordingly, if the overtime violations centered on work for which Plaintiff was paid at a regular rate but not the overtime rate, the measure of damages would be Defendant's figure *minus* the regular hourly rate that Plaintiff and the class members were actually paid for the hour. *See Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1119–20 (C.D. Cal. 2010) ("Defendants thus should have based their calculation on the additional $6.50 per hour Roth was entitled to receive for overtime work, not on the total overtime wage of $19.50."). This value would not be $5,083,084, but would instead be, by the Court's calculation, approximately $1,694,360—below the required CAFA threshold. If, however, Plaintiff and the employees in the putative class were not paid *at all* for overtime work, then Defendant's estimate of $5,083,084 would be correct. The papers are unclear as to which scenario is applicable in this case, and since the burden is still on Defendant to prove the amount in controversy, the Court concludes that it has failed to do so with regards to alleged overtime wage violations. Therefore, the Court will continue its analysis.

### B. Meal and Rest Period Claims

Under California law, "[i]f an employer fails to provide an employee a meal or rest or recovery period . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7. If both a meal period *and* a rest period are denied to an employee, she can recover "two premium payments per workday—one for failure to provide one or more meal periods, and another for failure to provide one or more rest periods." *United Parcel Serv., Inc. v. Superior Ct.*, 196 Cal. App. 4th 57, 69 (2011).

Here, Plaintiff alleges that

> Defendant[ has] had a consistent policy of failing to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal period[] for days on which the employees worked in excess of ten (10) hours in a [workday].

*Compl.* ¶ 3. Plaintiff further alleges that Defendant had failed to provide "rest periods of at least ten (10) minutes per four (4) hours worked." *Id.* ¶ 4. For both missed meal periods and missed rest periods, Defendant failed "to provide compensation for such unprovided [] periods as required by California wage and hour laws." *Id.* ¶¶ 3–4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6166 PSG (FFMx) | Date | October 26, 2017 |
|---|---|---|---|
| Title | Tinamarie Fatiah Al-Najjar v. Kindred Healthcare Operating, Inc. et al. | | |

In determining the amount in controversy for this claim, Defendant engaged in a similar calculation as it did for the alleged overtime violations. It used the number of relevant employees during the period at issue—1,326—to determine the total number of workweeks—102,017. *See VanRude Decl.* ¶ 8. Assuming, as it did for overtime violations, a rate of one violation per week for both meal and rest periods, and a weighted average hourly regular rate of $25.2319, the total value of the claims is $2,574,080 apiece, for a total amount in controversy of $5,148,160 for these two claims. *See Opp.* 13:20–14:5.

Here, the Court does not quibble with the mathematics and agrees with Defendant's conclusion. Plaintiff does not provide conflicting evidence but only questions the appropriateness of the one-violation-per-week rate for each claim. *See Reply* 9:1–22. However, although an estimated rate of one violation *per shift* has been held to be unreasonable, *see Ibarra*, 775 F.3d at 1198–99, courts have accepted an estimate of one violation *per week* in similar circumstances. *See, e.g.*, *Quintana v. Claire's Stores, Inc.*, No. 13-0368-PSG, 2013 WL 1736671, at *6 (N.D. Cal. Apr. 22, 2013) ("Based on Plaintiffs' allegations that class members 'often' had to forego meal or rest breaks . . . the court finds Defendants' estimates of one meal or rest break violation per week is an acceptable method to calculate possible damages for these claims.").

In summation, the alleged overtime violations alone do not clearly satisfy the $5 million amount in controversy requirement. However, when the alleged meal and rest period violations are also taken into account, the Court concludes that Defendant's evidence meets its burden of satisfying the requirement by a preponderance of the evidence.[3] This is especially the case given that, although the Supreme Court requires that "both sides submit proof" when the amount in controversy is disputed, *Dart Cherokee*, 135 S. Ct. at 550, Plaintiff here "offers no evidence rebutting the violation rate[s]" that Defendant has employed. *Moppin v. Los Robles Reg'l Med. Ctr.*, No. EDCV 15-1551 JGB (DTBx), 2015 WL 5618872, at *3 (C.D. Cal. Sept. 24, 2015); *see also Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14-cv-09809-SVW-PJW, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) ("Plaintiff fails to assert any different rate of violation or to submit any evidence indicating a contrary rate of violation. Plaintiff does not even submit his own declaration stating that he experienced less frequent rates of violation than those asserted by Defendants. In light of the foregoing, the Court should find Defendants' proof of the amount in controversy adequate.").

IV. Conclusion

---

[3] Accordingly, the Court will not analyze Defendant's estimates as to Plaintiff's other causes of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6166 PSG (FFMx) | Date | October 26, 2017 |
|---|---|---|---|
| Title | Tinamarie Fatiah Al-Najjar v. Kindred Healthcare Operating, Inc. et al. | | |

Because the Court concludes that Defendant has demonstrated by a preponderance of the evidence that the $5 million CAFA amount in controversy requirement is met here, and thus that the Court has subject matter jurisdiction over this action, it **DENIES** Plaintiff's motion for order remanding case to state court.

**IT IS SO ORDERED.**